## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### No. 5:23-cv-00295-BO

| | | |
|---|---|---|
| **SONJA JENEICE SPRUILL,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER AND PROSPECTIVE** |
| **EQUIFAX INFORMATION SERVICES** | ) | **SEALING ORDER** |
| **LLC and TRANS UNION LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The Parties having agreed to the following, and for good cause shown,

IT IS HEREBY ORDERED as follows:

## 1.   PURPOSES AND LIMITATIONS

This case involves credit reporting. The plaintiff, an individual

consumer, alleges that each defendant consumer reporting agency mixed her

credit history and identifying information with that of her twin brother, and

that this and other alleged acts or omissions of defendants violated the Fair

Credit Reporting Act. The defendants deny Plaintiff's allegations and have

asserted affirmative defenses.

Disclosure and discovery activity in this action may involve production

of confidential, proprietary, or private personal identifying information such

as Social Security or taxpayer-identification numbers, dates of birth, names

of minor children, financial account numbers, home addresses, sensitive

information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, trade secrets, and other confidential research, development, commercial, or proprietary information, for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential. Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party without confidentiality restrictions.

## 2. **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; where appropriate, home addresses; sensitive information involving personal financial, medical, matrimonial, or family matters; employment records of individuals whether parties or non-parties; or trade secrets and other confidential research, development, or commercial

information (regardless of how generated, stored or maintained). Unless otherwise specified "Confidential Information" shall include material that is designated as CONFIDENTIAL – Attorneys' Eyes Only. Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes Confidential Information and (2) that there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

## 3.   DEFINITIONS

3.1     Party: any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

3.2     Non-party: any individual, corporation, association, or other natural person or entity other than a party.

3.3     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things)

that are produced or generated in disclosures or responses to discovery in this matter.

3.4    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.5    Producing Party: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.6    Designating Party: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

3.7    Protected Material: any Disclosure or Discovery Material that is designated by a Party or Non-party as "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only" according to paragraphs 1 and 6, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only" within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

3.8   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.9   In-House Counsel: attorneys who are employees of a Party.

3.10   Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

3.11   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.12   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 4.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also expert reports, deposition testimony,

conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

## 5.  **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 6.  **DESIGNATING PROTECTED MATERIAL**

6.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies as Confidential Information. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are strictly prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case

development process, or to impose unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated CONFIDENTIAL or "CONFIDENTIAL – Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 6.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.     For information in documentary form (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

b.     For testimony given in deposition, the Party or Non-party offering or sponsoring the testimony must identify on the record, before the

close of the deposition, all protected testimony. The Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 30 days following preparation and delivery of the preliminary transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days following preparation and delivery of the preliminary transcript shall be covered by the provisions of this Order. Nothing in this Order shall prevent a party from disclosing the preliminary transcript as detailed in Section 8.2, provided that, where applicable under Section 8.2, the individual to whom the preliminary transcript is disclosed has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A).

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, but not over text).

Nothing in this Order shall prevent a party from using at trial any information or materials designated "CONFIDENTIAL."

c. <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

d. For information produced in any form a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "CONFIDENTIAL" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "CONFIDENTIAL —Attorneys' Eyes Only."

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL —Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as

"CONFIDENTIAL" or "CONFIDENTIAL —Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.4     Inadvertent Production of Privileged Information. If a party, through inadvertence, produces or provides material that it believes is subject to a claim or attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific privilege or immunity and request that the material be returned to the Producing Party. The Receiving Party shall return the material immediately, or, if circumstances prevent immediate return, at such specific time as agreed upon between the Producing and Receiving Parties. Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for any reason, including a waiver caused by the inadvertent production.

## 7.     CHALLENGING  CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3    Formal Challenge to Designation. If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of a letter to the Designating Party stating its objection to the confidentiality designation. The Designating Party has twenty-five (25)

days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as "Protected Material." The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as "Protected Material."

7.4     Treatment of Information While Challenge is Pending. Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Protected Material, all materials designated as such must be treated as such and subject to this Order until one of the following occurs:

a.      the Designating Party withdraws its confidentiality designation in writing;

b.      the Designating Party fails to apply to the Court for an order designating the material Protected Material within the time period specified above after receipt of a written challenge to such designation; or

c.      the Court decides the material at issue is not subject to protection as Protected Material.

## 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

categories of persons and under the conditions as are described herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   Disclosure of Protected Material.

a.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

8.2.a.1   Outside Counsel of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

8.2.a.2   Parties to this litigation and their officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation;

8.2.a.3   Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the

"Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A);

8.2.a.4 the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

8.2.a.5 litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A);

8.2.a.6 other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A);

8.2.a.7 any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably

necessary for the prosecution or defense of these proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

8.2.a.8 the author of the document or the original source of the information;

8.2.a.9 counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A);

8.2.a.10 any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A); and

8.2.a.11 any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

b. Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL — Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "CONFIDENTIAL —Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "CONFIDENTIAL —Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

8.2.b.1 a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

8.2.b.2 experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

8.2.b.3 the Court and its personnel;

8.2.b.4 court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

8.2.b.5 the author of the document or the original source of the information; and

8.2.b.6 the Plaintiff.

## 9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL — Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Non-Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order

promptly to the Non-Party in the other action that caused the subpoena or order to issue.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Consent Protective Order and Prospective Sealing Order" (Exhibit A).

## 11.   FILING PROTECTED MATERIAL

11.1   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material in support of discovery-related motions. A Party must seek to file any Protected Material used in support of a discovery-related motion or a dispositive motion under seal. In seeking to file Protected Material under seal, a Party must comply with applicable law and the proceedings outlined in Subsection 11.2. The fact that Discovery Material has been designated as "CONFIDENTIAL"

or "CONFIDENTIAL —Attorneys' Eyes Only" shall not be admissible as evidence that the Material in fact contains Confidential Information entitled to protection from disclosure under the law.

11.2  Procedure for Filing Protected Material Under Seal..

11.2.1.  Except for motions filed under seal in accordance with CM/ECF Policies and Procedures Manual Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

> (i) The exact document or item, or portions thereof, for which the filing under seal is requested;
>
> (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;
>
> (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
>
> (iv) The reasons why alternatives to sealing are inadequate; and
>
> (v) Whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

The motion to seal must be a public document and docket entry, which will give the public notice of the request to seal and a reasonable opportunity to challenge it. With court approval, the memorandum in support may be filed under seal.

The proposed sealed document must be filed in accordance with Local Civil Rule 79.2 and Local Criminal Rule 55.2 and will remain under seal pending the court's ruling on the motion to seal.

The filing party must docket the proposed sealed document(s) as the first docket entry, using the CM/ECF events specifically created for sealed documents. If the filing party seeks to file the supporting memorandum of law under seal, the party must docket the proposed sealed memorandum of law as the second docket entry, using the PROPOSED SEALED Memorandum in Support event. The filer should link the motion to seal to the proposed sealed document docket entry or entries.

11.2.2. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall first confer with counsel for the party or entity that produced the information so designated about how it should be filed. If the party or entity that produced

the information so designated desires that the materials be filed under seal, then the filing party must provisionally file the material under seal in accordance with this section and Local Civil Rule 79.2 and Section V.G.1(a) of the CM/ECF Policies and Procedures Manual, with notice served on the party or entity who desires to maintain the material under seal.

In lieu of filing a motion to seal, the filing party is required to file a notice of filing pursuant to this subsection. The notice of filing should be docketed after the filing of the provisionally sealed material and linked back to the entry or entries being filed under seal.

Within 7 days after service of such notice, the party or entity desiring that the material be maintained under seal must file a motion to seal, supporting memorandum and proposed order in accordance with Section V.G.1 of the Policy Manual (detailed in Section 11.2.1 hereinabove).

Documents submitted under seal in accordance with this subsection will remain under seal pending the court's ruling on the motion to seal. If no motion to seal is filed, the material may be unsealed and made public by the clerk's office without further notice or order of the court.

## 12.  **FINAL DISPOSITION**

The terms of this Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation, including any appeal by any party,

all Protected Material and all copies of the same (other than those filed with the Court) shall be returned to the Designating Party or, at the option of the Designating Party, destroyed; provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this litigation for purposes of compliance with applicable state bar rules of professional conduct and counsel's malpractice carrier requirements. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 (DURATION), above.

## 13.  **MISCELLANEOUS**

13.1  <u>Right to Party's Own Documents</u>.  Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13.2  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3  <u>Right to Assert Other Objections</u>. By consenting to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

SO ORDERED. This, the __6__ day of _Nov._, 2023.

_Terence W. Boyle_
United States District Judge

CONSENTED TO:

By: **/s/ Suzanne Begnoche**
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
NCSB # 35158
P.O. Box 2035
Chapel Hill, NC 27515
Telephone: (919) 960-6108
Facsimile: (919) 500-5289
Suzanne.begnoche@begnochelaw.com
_Counsel for Plaintiff_

**/s/ Vincent M. Smolczynski**
NCSB # 59715
SEYFARTH SHAW LLP
121 West Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 925-6060
Facsimile: (704) 946-6083
_Counsel for Equifax_
_Information Services, LLC_

**/s/ Christy Dunn**
CHRISTY DUNN
N.C. State Bar # 54816
ROBERT C. deROSSET
N.C. State Bar # 27656
YOUNG MOORE AND HENDERSON P.A.
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
Ph: 919-782-6860
Fax: 919-782-6753
Email: bob.derosset@youngmoorelaw.com
        christy.dunn@youngmoorelaw.com
_Counsel for Trans Union LLC_

**EXHIBIT A**
# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:23-cv-00295-BO

| | |
|---|---|
| **SONJA JENEICE SPRUILL,** ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **ACKNOWLEDGMENT AND** |
| ) | **AGREEMENT TO BE BOUND** |
| **EQUIFAX INFORMATION SERVICES** ) | **BY CONSENT PROTECTIVE** |
| **LLC and TRANS UNION LLC,** ) | **ORDER AND PROSPECTIVE** |
| ) | **SEALING ORDER** |
| **Defendants.** ) | |

I acknowledge that I have read and understand the Consent Protective Order and Prospective Sealing Order entered in this action on _____, 20___, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Protected Material that is the subject of said Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of this Acknowledgement and Agreement to be Bound by Consent Protective Order and Prospective Sealing Order.

Witness my signature this _____ day of _____, 20___.

_____
Signature

Address:_____

Telephone:_____